**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

No. 05-4591

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLOS MARURI CASTELAN,
a/k/a Daniel Hernandez,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., Senior District Judge.  (1:04-cr-419-1)

───────────────

Submitted: November 21, 2006          Decided:  November 28, 2006

───────────────

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender for Appellant.  Anna Mills Wagoner, United States Attorney, Michael Francis Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Carlos Maruri Castelan appeals his 75-month prison sentence resulting from his conviction for possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (2000). Castelan's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal, but questioning whether Castelan's sentence was reasonable. Castelan was advised of his right to file a pro se supplemental brief, but has not done so. Finding no reversible error, we affirm.

Counsel's brief questions the reasonableness of Castelan's sentence. After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines, but still must calculate and consider the guideline range as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id.

Castelan pled guilty, pursuant to a written plea agreement, to possession with intent to distribute 6.8 kilograms of cocaine hydrochloride. As part of the plea agreement, Castelan agreed to the drug quantity and that the offense carried a ten-year statutory mandatory minimum sentence. In the presentence report,

Castelan's base offense level was determined to be 32 based on 6.8 kilograms of cocaine.  U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(4) (2004).  Because Castelan met the requirements of USSG § 5C1.2 (a)(1)-(5), he received a two level reduction to his offense level under the safety valve provision of USSG § 2D1.1(b)(7).  After a three-level adjustment for acceptance of responsibility, Castelan had a total offense level of 27.  With an offense level of 27 and criminal history category I, his advisory guideline range was 70-87 months' imprisonment.  There were no objections to the presentence report.  The district court sentenced Castelan to 75 months in prison, which is within the applicable guideline range and below the statutory mandatory minimum.  Because Castelan met the requirements of the safety valve provision, he was to be sentenced within the applicable guidelines without regard to the statutory mandatory minimum.  See USSG § 5C1.2, comment. (n. 9).

As Castelan's 75-month prison sentence is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.2006).  Castelan has not rebutted that presumption as the district court appropriately treated the guidelines as advisory, considered the guideline range, and weighed the relevant factors under 18 U.S.C. § 3553(a) (2000).

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal.  Accordingly, we affirm the judgment of the district court.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED